By the Court. Oakley, Ch. J.
The pleadings in this case furnish a full answer to nearly all the objections that have been raised on the part of the defendant.
The answer, by not controverting, admits all the material allegations in the complaint, and sets up as a sole defence that the judgments against McDonald were a subsisting lien upon the plaintiff’s lots, on the day appointed for the exchange and delivery of the deeds. The answer, therefore, admits that but for this objection the title was satisfactory, and that if the objection were proved to be groundless, the refusal of the defendant to perform the agreement was without justification or excuse.
The defendant could not, therefore, be permitted upon the trial, nor can he now be permitted, to shift his ground, by saying that the judgments against one John McDonald, which the searches disclosed, although not a real were an apparent lien, which, as clouding the title and rendering it unsatisfactory, justified his refusal to accept it. Whether had this defence been set up in the answer it could have availed the defendant may well be doubted, but it is quite certain that it could not be admitted under the pleadings. The judge could not strike out the answer that had been put in and substitute another, nor make any addition to the answer by which a new and *159 entirely distinct issue would be raised ; and were it admitted that he might have carried the power of amendment to this extent, no application for its exercise was in fact made to him. His charge therefore to the jury, that the case turned wholly upon the question whether the plaintiff’s lots were in fact encumbered when he offered to convey them, was entirely correct. It is the only charge that he could have given.
The assertion that the provision in the agreement that the title should be satisfactory to the party who was to receive it, gave to the defendant an absolute right to reject that which was tendered, scarcely requires an answer. We cannot give a construction to the agreement that, by enabling each party to rescind it at his pleasure, would have robbed it wholly of its obligatory character. We cannot say that there was no contract for the breach of which an action could be maintained. A title, satisfactory to the party to whom it is to be given, means a title to which there is nq reasonable objection, and with which therefore the party to whom it is tendered ought to be satisfied. When such is its nature, so far from having a discretion to reject, he is bound to accept it.
The objection that there was no proof upon the trial of a • demand of a deed from the defendant is untenable. As we read the case the fact was sufficiently proved, but in truth no such proof was necessary to be given. The complaint expressly alleges that the plaintiff requested the defendant to perform the agreement by conveying or causing to be conveyed the house and lot which he had agreed to convey, and that the defendant had refused to comply with the request. These allegations are not denied by the answer, and their truth is therefore admitted upon the record. In the actual state of the pleadings the plaintiff was not required to give any proof whatever in order to maintain his action. He had only to show the amount of the damages he had sustained, and to repel the evidence on the part of the defendant.
It only remains to say, that in our opinion the rule of damages laid down by the judge was entirely correct, and that the abstract of title, with all the papers annexed, under the circumstances and for the reasons stated by the plaintiff’s counsel, was properly admitted in evidence. It is an erroneous suppo *160 sition that the plaintiff was not entitled to recover the whole damages that were given, because no special damage was alleged in the complaint. Special damage is only necessary to he averred where it constitutes in part the cause of action. In other words, where the right to maintain the action depends upon the fact that the damage has been sustained. (Kendall v. Stone, 1 Selden, 14. Linden v. Graham, 1 Duer, 670.)
All the exceptions that appear in the case being overruled, the judgment appealed from is affirmed with costs.