## BARTLETT *vs.* WHEELER and others.

In October, 1855, the plaintiff let the defendants have ten sheep, of a certain quality and grade of wool, the defendants agreeing to deliver to him, at the end of four years, twenty sheep of as good quality and grade. At the expiration of four years, the parties made another agreement, by which the defendants, instead of delivering the twenty sheep then due, promised to deliver to the plaintiff forty sheep of as good quality and grade, at the end of four years more, which the plaintiff promised to accept in lieu of said twenty sheep. In an action upon the last agreement, *it was held* that it was within that provision of the statute of frauds which makes void every oral agreement that by its terms is not to be performed within one year from the making thereof.

Although an agreement on which a party relies is void by the statute of frauds, he is not, in general, without remedy, inasmuch as where a contract has been fully performed, and the performance accepted, a recovery may be had on a *quantum meruit* or *valebat*, if not on the contract itself.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover damages of the defendants for the non-performance of the parol agreement mentioned in the opinion of the court. The answer of the defendants was a general denial of the allegations of the complaint. The referee found as conclusions of law: *First.* That the first contract amounted to a sale, and not a bailment, and the title of the ten sheep vested in the defendants, on delivery. *Second.* That the second contract was void, because, 1st. It was not a sale of any sheep *in esse ;* 2d. It was a contract for a sale of forty sheep, at the expiration of four years from the time of making it. It was an agreement of which no note or memorandum in writing was made, and which by its terms was not to be performed within one year from the making thereof; 3d. It rested exclusively in words, without delivery, or any equivalent act, performed or capable of being performed. And he ordered judgment in favor of W. W. Wheeler, the only defendant who appeared and defended, against the plaintiff, for costs. From the judgment so entered the plaintiff appealed.

Bartlett *v.* Wheeler.

*Wm. Roe,* for the appellant.

*Jacob D. Decker,* for the respondents.

*By the Court,* JAMES C. SMITH, J.   The principal question in this case is, whether the agreement sued on is within that provision of the statute of frauds which makes void every oral agreement that, by its terms, is not to be performed within one year from the making thereof.

The report of the referee establishes the following facts: In October, 1855, the plaintiff let the defendants have ten sheep of a certain quality and grade of wool, to double in four years; that is, the defendants agreed to deliver to the plaintiff, at the end of four years, twenty sheep of as good quality and grade, but not the same sheep as those they received of the plaintiff.   At the expiration of four years, the parties made another agreement, by which the defendants, in lieu of delivering to the plaintiff twenty sheep according to the terms of the first contract, promised to deliver him forty sheep of as good quality and grade, at the end of four years more, which the plaintiff promised to accept in lieu of said twenty sheep.   Neither of the agreements was in writing. This suit is brought upon the last agreement.

There is no question that the first agreement between the parties was a sale of the ten sheep, and not a bailment. (3 *Seld.* 433.)   And it was fully executed on the part of the plaintiff, at the time it was made, by the delivery of the sheep.

On the part of the defendants, however, the agreement was wholly executory, and by its terms it was not to be performed until the expiration of four years from the time when it was made.   In fact the defendants never performed it, but at the expiration of the four years they agreed to deliver to the plaintiff forty sheep at the end of four years more, and the plaintiff accepted the second undertaking in lieu of the twenty sheep then due, and in consideration thereof released

the defendants from their then present obligation. Waiving the question suggested on the argument, whether the second agreement of the defendants rests upon any valid consideration, the most that the plaintiff can claim is that such agreement, like the first, was wholly executed on his part, as it operated, the moment it was made, to release the defendants from their prior obligation. But, like the first agreement, in another respect, it was wholly executory on the part of the defendants, and by its terms it was not to be performed by them until the expiration of four years from the time when it was made.

The plaintiff argues that this construction of the agreement of the defendants is incorrect for the reason that there was no express stipulation that it was not to be performed within a year, and the defendants might have performed within that period. That position is untenable. The defendants were to deliver the forty sheep at the end of four years. The object of the parties was to allow time for sheep to double. The defendants could not have compelled the plaintiff to accept the sheep within the four years ; and a tender within that period would not have been good. It was therefore not in the power of the defendants to perform within one year. (7 *Cowen*, 263.)

The plaintiff also insists that as the agreement was wholly executed on his part, it is not within the statute, although executory on the part of the defendants. On this point, the reported cases in England and in this country, are somewhat conflicting. Most of them are referred to in 1 *Smith's Leading Cases*, pages 432, 437. In *Pierce* v. *Paige* (28 *Verm. Rep.* 34) the question is discussed with care and ability, and a conclusion is reached adverse to the position of the plaintiff in the case before us. My attention has not been called to any case in this state which can be regarded as an authoritative adjudication of the question. In *Broadwell* v. *Getman*, (2 *Denio*, 87,) Beardsley, J. expressed the opinion that a parol agreement is within the statute, although one of the

Bartlett *v.* Wheeler.

parties is to perform every thing on his part within one year, if a longer time than a year is stipulated for the performance by the other. The question did not arise, in that case, however, as the agreement was not to be performed by *either* party within the year. In *Talmadge* v. *Rensselaer and Saratoga R. R. Co.* (13 *Barb.* 493,) Willard, J. questions the authority of *Broadwell* v. *Getman,* upon this point, and seems to favor the opposite doctrine laid down in the case of *Donellan* v. *Read,* (3 *B. & Ad.* 899.) But his remarks were not necessary to the decision of the case before him, as he placed his judgment upon other grounds. Regarding the question as an open one, to be decided according to our own views of the true construction of the statute, I am of opinion that its provisions extend to the agreement before us. I have been led to this conclusion by the reasoning contained in the authorities above referred to, and which, so far as it is applicable to this case, may be summed up in the following propositions :

1. The agreement is within the *language* of the statute, which by allowable transposition may be read thus : "Every agreement. that, by its terms, is not to be performed within one year from the making thereof, shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged therewith." An agreement upon an *executed* consideration is not excepted.

2. It is within the *object* of the statute, which is to provide against the danger of allowing contracts to be proved by parol evidence, at periods remote from those at which they were made. This species of evidence is equally dangerous and unsatisfactory whether the promise sought to be established thereby, rests upon an executed or an executory consideration.

These propositions are decisive of the case, since a ruling contrary to them would virtually repeal the statute.

But although the agreement on which a party relies is void by the statute, he is not, in general, without remedy,

inasmuch as where a contract has been fully performed, and the performance accepted, a recovery may be had on a *quantum meruit* or *valebat*, if not on the contract itself. Whether the plaintiff can recover, in a proper action, on that ground, it is unnecessary now to decide; but in case he chooses to try that remedy, the judgment in this action should not bar him, and it should therefore be modified by making it a judgment of nonsuit, instead of a judgment for the defendant on the merits.

The other positions taken by the plaintiff, on the argument, do not require consideration.

Judgment affirmed.

