## VAN WOERT v. ALBANY AND SUSQUEHANNA RAILROAD COMPANY, appellant.

*Statute of frauds — parol agreement not void under § 2, though capable of indefinite continuance — void parol sale made valid by subsequent act.*

Defendant, by a verbal contract made in May, 1869, agreed to purchase as much wood as plaintiff should cut and deliver, not exceeding 1,000 cords, at $3 and $3.50 per cord. No definite time was fixed for the delivery of the wood. In December following a part of the wood was delivered and paid for as agreed, and more was delivered between that time and May, 1870. In the following winter plaintiff cut and offered to deliver, under the contract, a further quantity of wood, which was refused. *Held,* that the contract was not void under § 2 of the statute of frauds (2 R. S. 135) as being an agreement by its terms not to be performed within a year from the making.

It was void under § 3 at the time it was entered into, there being no delivery or payment but the subsequent delivery, and acceptance of part of the wood took it out of the statute and made it valid.

APPEAL by defendant from a judgment rendered on the verdict of a jury, and an order denying a new trial. The facts appear in the opinion.

*J. G. Runkle,* for appellant.

*L. L. Bundy,* for respondent.

PARKER, J. This is an appeal from a judgment in favor of the plaintiff against the defendant, rendered upon the verdict of a jury; also from an order denying a motion made upon the minutes of the judge for a new trial.

The action is upon a breach of a contract to receive and pay for a quantity of wood. The answer denies the making of any contract.

The contract, if one was made, was by parol, and, according to the evidence on the part of the plaintiff, was for the sale and purchase of such quantity of wood as plaintiff could cut, not over 1,000 cords, at $3.50 per cord for hard wood, and $3 for soft. No time was fixed for its delivery, but plaintiff was to cut and deliver it as fast as possible. This was in May, 1869. In the following December he commenced to deliver the wood, having in that month delivered 12½ cords, which was paid for in January, 1870; and between that time and May, 1870, he delivered 322 cords more, all of which was paid for.

In May he was proceeding to deliver the residue of what he had cut, some 200 cords, when defendant's agent, according to plaintiff's testimony, requested him to delay, as the company was about to occupy the place of deposit, with new tracks. Afterward, in the following winter, plaintiff began to haul the residue of the wood which he cut, and drew and piled 19 cords, by the side of the railroad, when he was notified that defendants didn't want it, and that plaintiff must bring no more. Plaintiff then had, besides the 19 cords, 178 cords, cut and drawn out of the woods, ready to haul and deliver to defendant.

Plaintiff claims damages for defendant's refusal to take and pay for the 19 cords, drawn to the railroad, and the 178 cords, cut and prepared for delivery.

The contract, if one was made, though by parol, was not void under the *second* section of the Statute of Frauds which makes void "every agreement that, by its terms, is not to be performed within one year from the making thereof," unless in writing, etc. So far from this contract being, by its terms, not to be performed within the year, I think the expectation was, that it would be performed within the year, at any rate, it is not an agreement, *by its terms,* not

to be performed within the year, and consequently not within the provision of the statute. "It is not the meaning of the statute that the contract must be performed within a year. If it can be so performed, consistently with the language in which the parties have expressed themselves  *  *  *  it is a valid agreement, although it may be capable of an indefinite continuance." *Trustees, etc.*, v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 307. Had the contract been void under this provision of the statute, it is plain that a part performance of it, within the year, would not have taken it out of the statute, and made it good. *Weir* v. *Hill*, 2 Lans. 278.

But it was void under the *third* section of the statute, at the time it was entered into, not being in writing, and no part of the purchase-money being paid, because at that time, there was no delivery nor acceptance of the wood sold, nor any part thereof, and this is the view of the counsel of both parties.

The court, upon the trial, held the contract, as the plaintiff testified to it, void under the Statute of Frauds, but held and charged the jury, that if they found that such a contract was made, as plaintiff claimed, and that the wood subsequently delivered and accepted was delivered and accepted upon that contract, such delivery and acceptance took the contract out of the statute, and made it valid— and if the parties understood, when the last portion of wood was delivered, in March, 1870, or when it was paid for on the fifteenth of April, in that year, that there was such a contract, and that it was to continue thereafter and be fulfilled by the delivery of the wood at a subsequent time, the plaintiff may recover damages for the refusal of the defendant to accept the wood offered by the plaintiff to be delivered in the winter of 1870 and 1871.

Defendant's counsel took exception to the ruling, both upon the refusal to nonsuit and in the charge, that the contract could be made valid by a delivery and acceptance of part of the wood upon it subsequently to the time when it was entered into.

In this I think the court was right. The cases cited by plaintiff's counsel show that the subsequent delivery and acceptance of part of the wood, under the contract, took the case out of the Statute of Frauds and made it a valid contract. See *McKnight* v. *Dunlop*, 5 N. Y. 537; *Boutwell* v. *O'Keefe*, 32 Barb. 434; *Good* v. *Curtis*, 31 How. Pr. 4.

From these cases it is clear that the delivery and acceptance of part of the goods required by the *third* section of the Statute of

Frauds, is not confined to the time of the making of the contract, but may be made afterward, and when so made, the case is thereby taken out of the statute.

The ruling and charge of the judge at circuit was, therefore, right, and defendant's exception thereto unavailing.

The claim on the part of defendant, that the delivery and acceptance of each parcel made a several and distinct contract of sale of such parcel, was not a question of law, but of fact, which was properly submitted to the jury. *Boutwell* v. *O'Keefe, supra.*

The defendant's point that the contract was void for want of mutuality, is not sustained by the evidence. The testimony on which the question in regard to the making of the contract depends shows that plaintiff was to cut, upon his wood lot, what he could, not to exceed 1,000 cords, and deliver it as soon as he could. If a contract was made, which question was submitted to the jury, the evidence shows an undertaking by each party.

No other points are submitted on behalf of the appellant, and upon an examination of the whole case, I see no error entitling defendant to a new trial.

The judgment and order apppealed from must therefore be affirmed with costs.

BOARDMAN and J. POTTER, JJ., concurred.

*Judgment affirmed.*