Baker v. Scott.

---

BAKER, appellant, v. SCOTT *et al.*

*Contract — parol agreement to exchange lands.   Statute of frauds.*

Plaintiff and defendants by parol agreed to exchange lands.  Plaintiff conveyed his premises to defendants, who took possession, but refused to convey to plaintiff the lands owned by them.  *Held,* that having performed his part of the agreement plaintiff was entitled to recover of the defendants the value of the particular consideration therefor withheld by them, and had a remedy in equity against them which was not defeated by the statute of frauds.

APPEAL from a judgment in favor of defendants in an action tried at special term.   Sufficient facts appear in the opinion.

*William Henry Arnoux,* for appellant.

*Moody B. Smith,* for respondent.

TAPPEN, J. The action is brought to recover the purchase or consideration money of a house and lot conveyed by plaintiff to defendants, and·to have an equitable lien declared therefor. The defendants answer, that the defendants did purchase the premises from the plaintiff, who agreed to accept a tract of land in New Jersey in payment therefor ; and further, that the plaintiff, as part of the terms, agreed to finish a house on the premises conveyed to defendants, and that the New Jersey land was to be conveyed to plaintiff on finishing the house, and not before; that plaintiff did not finish, and that defendants have finished the house, at an expense of $262.19, and that the conveyance of the New Jersey land has been offered to the plaintiff, conditioned upon his paying the defendants the expense of finishing the house and some rent alleged to have been lost to defendants by delay in finishing.

On the trial, the court found the agreement to be for an exchange of lands, and not for the payment of any money as a consideration for the conveyance by the plaintiff ; that there was no agreement by the plaintiff to finish the house, and that the agreement was, that the deed for the land in New Jersey should be delivered to plaintiff whenever called for, and rendered judgment dismissing the complaint, on the ground that there was no purchase-money due, and hence no equitable lien.

The entire agreement between the parties was in parol; it was executed on the part of the plaintiff, who now claims in this action, that being in parol he cannot compel the defendants to convey the lands they were to convey to him, and hence, that his only remedy is by an action for the unpaid purchase price.

The defendants both testified to a refusal to deliver the deed of such land to the plaintiff, because he had not finished the house, etc., but the court found against them, that there was no agreement on his part to finish the house, hence, when they refused to deliver him the deed, the plaintiff had a remedy in equity against them, which is not defeated by the statute of frauds. *Ryan* v. *Dox*, 34 N. Y. 307, and cases cited; 12 id. 364; 44 Barb. 162.

The agreement has been executed on the part of the plaintiff; the breach is on the part of the defendants; the defendants keep that which they received from the plaintiff, and refuse to make the compensation which he is entitled to ; this compensation was in land, and they have without legal cause refused to convey it; hence the plaintiff may recover in damages the value of that which is due to

him, and whether it be the value of the New Jersey land, or whether it be the sum in money of the consideration stated in the deed, less the mortgage assumed by the defendants, is a question not now before the court. The defendants have taken the benefit of the parol agreement, and must comply with their part thereof, and after refusal to convey the land to the plaintiff, the latter may maintain an action to recover the price or value of the unpaid consideration, and the form of the present action is sufficient for that purpose.

The defendants could convey and have refused, and are liable in damages (*Driggs* v. *Dwight*, 17 Wend. 71), and the party who has performed is entitled to recover of the party in default the amount or value of the particular consideration which has been withheld. *Thomas* v. *Dickinson*, 12 N. Y. 365; *Fossen* v. *Davison*, 2 Duer, 153. As to election of remedies and equitable lien, see *Bradley* v. *Bosley*, 1 Barb. Ch. 125.

In brief, here is a parol agreement for the exchange of lands, the plaintiff has wholly executed it and conveyed to the defendants, who, on their part, are in complete default, and refuse to convey.

If there be any doubt as to the sufficiency of the complaint, a motion for amendment can be made at special term, all the parties being apparently before the court.

The judgment should be reversed and new trial granted, costs to abide event.

*Judgment accordingly.*