FRANK K. ROBERTS, Plaintiff, *v.* THE SUMMIT PARK COMPANY, Defendant.

*Statute of Frauds — scope of the provision as to contracts not to be performed within a year — oral modification of a contract — consideration.*

The provision of the Statute of Frauds (2 R. S. 135, § 2) which requires "every agreement that by its terms is not to be performed within one year from the making thereof" to be in writing, applies only to contracts which either by express provision are not to be, or by necessary implication are not intended to be, performed within a year; in other words, the contract must be one which by its terms shows that the parties intended that it should not be completed within the year.

When it is apparent that a contract, by which the owner of land gives the agency for the sale of a limited number of lots to the other party to the contract until a certain date more than one year from the execution of the contract, is not to continue in force after the lots shall be sold and the money therefor collected, and the time limited by the contract for the accomplishment of that work is a maximum, and the work may be done in as much shorter time as the diligence and good fortune of the agent may prove to be sufficient, and complete performance within any shorter period is consistent with all the provisions of the contract, the contract is not to be deemed one that by its terms is not to be performed within a year; and, hence, it is error to exclude evidence of an oral modification of such a contract, on the ground that it is within the Statute of Frauds because not to be performed within a year, and, therefore, void, so far as it was not in writing.

When an alleged modification of such a contract for the sale of lots is calculated to promote the sale of the lots, and is, therefore, for the common benefit of both parties to the contract, it cannot be said to be without consideration.

MOTION by the plaintiff, Frank K. Roberts, for a new trial on a case containing exceptions ordered to be heard at the General

Term in the first instance, after a nonsuit granted at the Erie Circuit, on the 1st day of December, 1892.

T. C. Becker, for the motion.

A. Moot, opposed.

DWIGHT, P. J.:

The action was to recover commissions claimed by plaintiff under an alleged contract of the defendant constituting him its agent for the sale of lots, and also damages for an alleged violation and wrongful rescission of the contract by the defendant. There was a contract in writing between the parties under which the plaintiff made some sales, but in all of these cases he received his commissions from the moneys paid him on sales, and he makes no claim for any commissions earned or damages sustained by him under the contract as it was executed in writing. His claim made in this action is based wholly upon an alleged oral modification of that contract which was never reduced to writing.

On the trial, most of the evidence offered by the plaintiff to establish such modification was excluded by the court on the objection of the defendant that the contract was, by its terms, not to be performed within one year from its execution, and was, therefore, within the purview of the Statute of Frauds, and void so far as it was not in writing. That evidence being excluded, the plaintiff failed to establish a cause of action, and his complaint was accordingly dismissed. The exception to this ruling presents the only question which requires to be considered on this appeal.

The ruling was correct if the ground of the objection was tenable, and it remains only to examine the contract and ascertain whether it was in fact one "that by its terms is not to be performed within one year from the making thereof." (2 R. S. 135, § 2.) It was executed on the 14th day of October, 1891. Its first provision was in the following terms: "The party of the first part hereby gives to the party of the second part the exclusive agency, from the date hereof until January 1st, 1893, for the sale of blocks one to fifteen inclusive of the lands of the party of the first part, known as Summit Park," etc. A further provision is as follows: "The party of the second part, during the term of this contract, agrees to maintain

an office in the City of Buffalo for the transaction of business connected with the performance of this contract; to use diligence and his best efforts in effecting sales of said lands    *    *    *    ; to attend to the collection of all moneys falling due upon the contracts of sale for said lots until the purchase price of the lots so sold respectively shall have been paid, or until the termination or rescission of this contract,    *    *    *    ." It was further provided that " Said lots shall be sold under written contract or deed,    *    *    *    ' in which contracts    *    *    *    the terms of payment for said lots shall not be less than $50 down, per lot, for lots on Main street and Summit Park avenue, and monthly payments thereon of not less than $10, with interest, and not less than $25 down, per lot, on all other lots, and monthly payments of not less than $5, with interest." . The contract then proceeds to fix the prices, per front foot, which the lots, of various classes, shall be made to net to the Summit Park Company, and to fix the commission or compensation of the agent ; and, finally, it defines certain contingencies in which the contract may be canceled, rescinded or terminated, without full performance, before the expiration of the term named.

Can it be said of this contract that it was, by its terms, *not* to be performed within one year from its execution ? On the contrary, we think it was the evident intent and purpose of the parties that it should be performed in as short a time as possible, and that there was nothing in the terms of the contract, any more than in the nature of the case, to prevent its being performed in less than one year. The limitation of the number of lots to be sold in a given time was to a minimum number and, of course, it was not merely permitted, but desired, that the number should be increased as much as possible. The same is true of the terms of payment when the sales were on contract, and the agent was quite at liberty to require a larger payment down or a larger monthly payment, or both, and thus shorten the time of collection.

In short, it was very plain that this contract was not to continue in force after all the lots should be sold and the money collected ; that the time limited by the contract for the accomplishment of this work was a maximum, and that so far as the contract was concerned it might be done in any time less than that. The amount of work to be done was strictly limited, viz., the sale of so many lots ; the

time within which it was to be done was limited only by a maximum and it might be done in as much shorter time as the diligence, the best efforts and the good fortune of the plaintiff should prove to be sufficient.

The conclusion that such a contract is not within the provision of the Statute of Frauds, which we have been considering, is, we believe, supported by all the authorities. It is only contracts which either by express provision are not to be, or by necessary implication are not intended to be, performed within a year, that are required by the statute to be in writing. In other words, the contract must be one which by its terms shows that the parties intended that it should not be completed within the year. (*Boydell* v. *Drummond*, 11 East, 142; *Doyle* v. *Dixon*, 97 Mass. 208; *Drake* v. *Seaman*, 97 N. Y. 230; *Kellogg* v. *Clark*, 23 Hun, 393; *Day* v. *N. Y. C. R. R. Co.*, 22 id. 412; *Bartlett* v. *Wheeler*, 44 Barb. 162½)

It is very clear that no such intention was entertained by the parties to the contract in this case; but, on the contrary, that while by the terms of this contract performance might be extended over a period of nearly fifteen months, yet that complete performance within any shorter period was consistent with all the provisions of the contract. Such being the case, we are not required to consider the question, upon which there is some conflict of authority, of the effect of the provisions of this contract for its termination or rescission by the act or at the option of one of the parties.

The objection made on the argument here, that the alleged modification of the contract, relied upon by the plaintiff, was without consideration, seems not to be well taken, because that modification, so far as disclosed by the evidence which was received, or which was offered by the plaintiff, was calculated to promote the sale of lots, and was, therefore, for the common benefit of both parties to the contract.

We conclude that the plaintiff's exceptions to the exclusion of the evidence referred to, and to the granting of a nonsuit must be allowed and his motion for a new trial granted.

Haight, J., concurred; Lewis, J., not sitting.

Plaintiff's motion for a new trial granted, with costs to abide the event.