## MILHOLLAND v. PAYNE.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

1. CONTRACTS (§ 56*)—CONTRACT TO CONVEY—CONSIDERATION.

An agreement, whereby defendant was to purchase land and convey it to plaintiff in consideration of plaintiff's promise to pay him the moneys which he had paid therefor and a reasonable commission, is supported by consideration.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 344, 349–353; Dec. Dig. § 56.*]

2. FRAUDS, STATUTE OF (§ 152*)—PLEADING.

The statute of frauds must be pleaded, and, if not, cannot be taken advantage of to defeat an action to compel specific performance of an oral contract to convey land.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366, 371, 372; Dec. Dig. § 152.*]

Appeal from Special Term, Essex County.

Action by John E. Milholland against Daniel F. Payne. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Adelbert W. Boynton, of Keeseville (Edgar T. Brackett, of Saratoga Springs, of counsel), for appellant.

Smith & Wickes, of Elizabethtown (Francis A. Smith, of Elizabethtown, of counsel), for respondent.

SMITH, P. J. The action is brought in equity to compel the defendant to deed to the plaintiff certain land theretofore purchased by the defendant, on the ground that the defendant had agreed to purchase the same for the plaintiff, and upon the promise of the defendant to make such conveyance to plaintiff. The case was tried before the court without a jury. The court refused to make findings of fact, but dismissed the complaint on two grounds; one, that the contract under which plaintiff claimed was void by the statute of frauds, and the other that it was without consideration.

[1] I cannot agree with the learned trial judge that the contract was without consideration. It might have been found from the evidence that the defendant agreed to purchase the land and convey to plaintiff in consideration of the promise of the plaintiff to pay him the moneys which he paid therefor and a reasonable commission for his services. These mutual promises furnish consideration one for the other; and, if the plaintiff is to be denied the right to recover, such denial must rest upon the invalidity of the contract as made void by the statute of frauds.

[2] The trial judge rested his decision as to the invalidity of the contract upon the case of Wheeler v. Reynolds, 66 N. Y. 235. This case would seem to authorize the judgment made if the defendant were in a position to avail himself of the objection of the invalidity of the contract. It is now settled law that a failure to plead the stat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ute of frauds precludes the party from claiming the invalidity of an oral contract thereunder. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531. It would appear then that under a contract for a valuable consideration the defendant promised to purchase this land for the plaintiff and convey to him, and, having waived the defense of the statute of frauds, plaintiff was entitled to enforce the contract.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.