MILHOLLAND v. PAYNE.  (No. 281/106.)

(Supreme Court, Appellate Division, Third Department.  November 10, 1915.)

1. SPECIFIC PERFORMANCE ⬤⟶121—ACTIONS—PART PERFORMANCE.
    In a suit for specific performance of an oral contract to convey land, evidence *held* to warrant a finding that a payment was in part consideration of defendant's obligation to transfer the land.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–395; Dec. Dig. ⬤⟶121.]

2. SPECIFIC PERFORMANCE ⬤⟶44—FRAUDS, STATUTE OF ⬤⟶129—ORAL CONTRACTS FOR CONVEYANCE OF LANDS—VALIDITY.
    An oral contract for the conveyance of land is not taken out of the statute of frauds because of payment of part of the consideration, that not being a part performance warranting specific performance.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 126; Dec. Dig. ⬤⟶44; Frauds, Statute of, Cent. Dig. §§ 287–292, 303, 306–308, 310–312, 314, 318–320, 322, 323, 325, 326; Dec. Dig. ⬤⟶129.]

    Kellogg and Woodward, JJ., dissenting.

Appeal from Trial Term, Essex County.

Action by John E. Milholland against Daniel F. Payne. From a judgment for defendant, and an order dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Adelbert W. Boynton, of Keeseville, for appellant.
Smith & Wickes, of Elizabethtown, for respondent.

SMITH, P. J.  This is an action to enforce specific performance of a contract to sell certain lands to the appellant. The contract was an oral one, and so clearly void by the statute, unless there has been such a part performance as is recognized in equity. This is the second time the case has been before us. Upon the first appeal, reported in 159 App. Div. 10, 143 N. Y. Supp. 1090, after a dismissal of the complaint by the trial judge on the ground both of lack of consideration and the statute of frauds, we held that there was a good consideration, and also that as to the statute of frauds the case of Wheeler v. Reynolds, 66 N. Y. 235 "would seem to authorize the judgment made, if the defendant were in a position to avail himself of the objection of the invalidity of the contract." The answer was thereafter amended upon terms, so as to permit the setting up of this defense,

and the case was again tried, with the same result of a nonsuit granted. Upon the second trial it was claimed that there was a part payment of $100 upon the entire oral contract sufficient to remove the bar of the statute. The learned trial judge, however, refused so to find, but on the contrary found as a matter of fact that this payment of $100 "formed no part of any consideration from the plaintiff to the defendant for the purpose of the lands described in the complaint," and as a conclusion of law that the contract was void under the statute of frauds. We are now asked to review this finding and conclusion. The additional evidence introduced on the second trial adds little to the record upon the first trial, and the trial judge upon the second trial was undoubtedly justified in concluding that our decision upon the first appeal was decisive of the case upon the second trial.

[1] Upon a careful review of the evidence we are unable to agree with the finding of fact mentioned and with the conclusion as stated in the opinion that this payment of $100 for the assignment of the timber contract constituted a transaction "complete in itself." It appears that the respondent knew of appellant's desire to purchase lands for a park addition to this place, and in fact had already been instrumental in obtaining for him one or more tracts of land. Appellant claims, and in this he is supported by the evidence of his attorney, that at the time of the alleged oral agreement he told respondent that he did not want the timber, but was told by respondent that the timber contract would be a help to him in obtaining the fee of the land on account of the land being valuable only for the timber on it. If, then, as all the probabilities of the case indicate, appellant wanted these lands for a forest park, it would be a very narrow construction that would separate the timber contract from the general agreement by respondent to help the appellant to get title to the lands. If the timber contract was regarded as merely a stepping-stone to securing the fee of the lands covered by the contract, it would seem but reasonable to hold as a matter of fact that any money payment passing from appellant to respondent was essentially a part payment on the entire agreement, although it might at the same time be a full payment of some particular item of the entire contract. The oral contract in question being thus in our judgment fairly established by the weight of evidence, it would follow that the payment of $100 was made to help secure the carrying out of the entire contract, and so must be considered as a part payment thereon.

[2] Notwithstanding this conclusion upon the facts, we are compelled to hold that the contract is unenforceable for lack of the requirements of the statute of frauds. The payment of the consideration does not alone seem to be a sufficient part payment to take the contract out of the statute. It is evident that in one sense the plaintiff cannot be placed in the same position as before the making of the contract. This defendant, in violation of his agreement, has taken the property and has placed a barrier practically unsurmountable to plaintiff's purchase. Nevertheless, the rule which takes the contract out of the statute in the case of partial performance, where the party cannot be put in the same position as before, seems to contemplate some action on the part

of the party himself, from which he cannot recede without injury to himself, and which cannot be compensated in damages. In Lathrop v. Hoyt, 7 Barb. 59, the rule is stated:

"Where the defendant, at the plaintiff's request, agreed, by parol, that he would go and attend a sale of the plaintiff's farm, under a decree of foreclosure; that he would bid off the premises and take a deed in his own name; that he would give the plaintiff an opportunity to repay him the amount of his bid, and have a reconveyance of the premises; and that the plaintiff should have two weeks' notice to pay the amount—and the defendant accordingly bid off the farm, and took a deed in his own name, held, that the agreement was void, as being within the statute of frauds, and would not support an action."

This case is referred to with approval in the case of Wheeler v. Reynolds, 66 N. Y. 236. We are unable to find any authority which would hold valid a contract made under like circumstances, where the only act of the party seeking to enforce a contract was the payment of money itself.

The finding of fact, that this payment of this $100 had no relation to the agreement of the defendant to assist the plaintiffs in purchasing the land, is disapproved of, and we are of opinion that the contract was entire and the payment of $100 was in part consideration of defendant's obligation, which he assumed to assist the plaintiff in purchasing this land. With this finding this judgment should be affirmed upon the law on account of the invalidity of the contract under the statute of frauds.

LYON and HOWARD, JJ., concur. KELLOGG and WOODWARD, JJ., dissent.