THE WILLIAMSBURG CITY FIRE INSURANCE COMPANY, Plaintiff, v. DORA LICHTENSTEIN et al., Defendants.

(Supreme Court, New York Special Term, October, 1916.*)

Statute of Frauds — when agreement unenforcible under — action to foreclose mortgage upon real estate — pleading — contracts — specific performance — fraud.

Estoppel — when defendants not entitled to invoke doctrine of equitable — payment — contracts — motions and orders.

   In an action to foreclose a mortgage upon real estate the answer besides a general denial set up as affirmative defenses, that by agreement of the parties payment of the bond and mortgage in suit was extended until February, 1921, and that the action was prematurely brought; that because of part per-

---

* Received too late for insertion in proper place.— [REPR.

formance of said agreement it would be inequitable to grant the relief sought by plaintiff. To a counterclaim asking for a decree of specific performance directing plaintiff to comply with the terms of said agreement, a reply was served which not only denied the allegations of the affirmative defenses and of the counterclaim but pleaded, in connection with such denials, the Statute of Frauds, claiming that said agreement was not in writing and by its terms was not to be performed within a year. Upon overruling a demurrer to the paragraphs of the reply which pleaded the Statute of Frauds, *held;*

That it was apparent that the pleader did not intend to set up the matter contained in said paragraphs as a separate defense but as an integral part of a single defense and that plaintiff, in coupling the Statute of Frauds with the denial of the reply, had pursued the safe and proper method of pleading.

That by the demurrer, the allegations of the reply, that the agreement was not in writing and was not to be performed within a year from the making thereof, were admitted.

The answer alleged that it was agreed between the parties to the action that in consideration of defendants' assuming the payment of $4,000, to be paid to plaintiff in installments semi-annually, at the time of the payment of the interest on the mortgage, plaintiff would upon such payment extend the time of payment of the balance due on the mortgage to February 16, 1921. *Held,* that the agreement was clearly executory, and as it would take four years to make the payments required to obtain the extension agreed upon the agreement was unenforcible under the Statute of Frauds.

An oral contract void under the Statute of Frauds because by its terms not to be performed within one year from the making thereof is not validated by part performance.

The mere refusal to perform an oral contract void under the Statute of Frauds is in no sense a fraud either in law or in equity.

Payments made by defendants pursuant to the terms of the oral agreement and retained by plaintiff did not entitle defendants to invoke the doctrine of equitable estoppel and ask for a decree of specific performance of the oral agreement.

The issue having been brought on and tried as a contested motion, the proper practice upon overruling the demurrer is to enter an order.

Supreme Court, October, 1916. [Vol. 98.

Demurrer to reply.

A. S. & W. Hutchins (Augustus S. Hutchins and H. Randolph Anderson, of counsel), for plaintiff.

Max Schleimer, for defendants.

Delehanty, J. This action was brought to foreclose a mortgage upon the premises owned by the defendants Lichtenstein. The latter have interposed answers denying the material allegations of the complaint, and setting up two affirmative defenses and a counterclaim. The first of these defenses, briefly stated, is to the effect that the parties hereto entered into an agreement whereby payment of the bond and mortgage sued upon was extended until February, 1921, and that this action is prematurely brought. The second is that there has been such part performance of the agreement by the parties that it would be inequitable to grant the relief sought by the plaintiff. The counterclaim is for a decree of specific performance directing the plaintiff to comply with the terms of the alleged agreement. The plaintiff has replied, denying the allegations of the affirmative defenses and the counterclaim. It has also set up in connection with such denials the Statute of Frauds, claiming that the alleged agreement was not in writing, and by its terms was not to be performed within a year. Defendants demur to the paragraphs of the reply which assert the Statute of Frauds. It is not necessary to base the decision herein upon technical grounds, such as were discussed in the recent case of *Streeter* v. *Cloud,* 171 App. Div. 572; as the demurrer must be overruled upon the merits. A consideration of the paragraphs demurred to shows that the pleader did not intend to set up the matter contained therein as a separate

defense, but as an integral part of a single defense. The statute, as interpreted, is not to be divorced from the denials of the reply, but is to be read in conjunction therewith. For, if the plaintiff did not deny the existence of the alleged agreement and its terms, the same would stand admitted under our system of pleading, and it might be said accordingly that the answer itself provided a written memorandum sufficient to remove the contract from the operation of the statute. Consequently the plaintiff, in coupling the statute with the denials of the reply, has pursued the safe and proper method of pleading. *R. & L. Co.* v. *Metz,* 165 App. Div. 533, 537; affd., 215 N. Y. 695; 2 Story Eq. Juris. § 758. The demurrer to the reply admits the facts therein pleaded, namely, that the agreement was not in writing, and was not to be performed within a year. *Brookline Nat. Bank* v. *Moers,* 19 App. Div. 155. The defendants contend, however, that the agreement is a completed contract, and therefore not within the provisions of the statute. In a case like this it cannot be questioned that the Statute of Frauds applies to executory and not executed contracts. But the error that the defendants make is in assuming that the agreement is an executed one. In the answer it is alleged that the plaintiff and defendants Lichtenstein " agreed between them that in consideration of the said defendants assuming the payment of the said sum of $4,000, to be paid to the plaintiff in installments of $500 semi-annually at the time of the payment of the interest on said mortgage, the plaintiff would upon such payment extend the time of payment of the balance on the said mortgage, the sum of $41,000, to February 16, 1921." It is evident, therefore, that the agreement could not be performed within a year, but, on the other hand, it would take four years to make the payments required

to obtain the extension. Neither party in the meantime could insist upon the payment of the $4,000 except as agreed upon. The one could not compel the payment of the money before the due day, and a tender thereof by the other before that time would not have been good. The agreement was clearly executory, and likewise unenforcible under the statute. See *Lower* v. *Winters,* 7 Cow. 263; *Lockwood* v. *Barnes,* 3 Hill, 128, 129; *Van Dyke* v. *Clark,* 46 N. Y. St. Repr. 455; *Kent* v. *Kent,* 62 N. Y. 560; *Galvin* v. *Prentice,* 45 id. 162; *Roberts* v. *Summit Park Co.,* 72 Hun, 458, 461; *Bartlett* v. *Wheeler,* 44 Barb. 162; *Wahl* v. *Barnum,* 116 N. Y. 87; *Fanger* v. *Caspary,* 87 App. Div. 417; *McLachlin* v. *Village of Whitehall,* 114 id. 315, 317. Many cases have been cited by the defendants in which courts held that the agreements under consideration therein were executed contracts. The terms, however, of such agreements were different in character from the provisions of the contract herein. In this case it would take several years after the first payment to complete the installments, while in the cases referred to the agreements did not contemplate the doing of any further or other act to effect an extension of the mortgage. For example, in one case a party agreed to extend a mortgage if the other would take out a policy of life insurance. The latter did so, and the court held that the agreement was an executed one and hence not within the statute. *Fish* v. *Hayward,* 28 Hun, 456. In another a party executed a release in exchange for an extension. The contract being completed, the statute did not apply. *Macauley* v. *Hayden,* 48 Misc. Rep. 21. In another an extension agreement was based upon the execution of a personal obligation. The statute did not apply because the agreement was fully complied with. *Antisdel* v. *Williamson,* 37 App. Div.

167.  Another extension was based upon an oral contract to execute a chattel mortgage.  The mortgage was executed, and the transaction was thus closed. *Kane v. Cortesy,* 100 N. Y. 132.  In other cases cited by the defendants the extension agreement was in writing (*Veerhoff* v. *Miller,* 30 App. Div. 355), or the objection that it was not was not raised (*Krebs* v. *Carpenter,* 124 id. 755, 757), or the agreement was one that could have been performed within a year. *Prime* v. *Koehler,* 7 Daly, 345.  Furthermore, there is no force in the defendants' contention that there has been a part performance sufficient to take the contract out of the statute.  An oral contract, invalidated by the Statute of Frauds because by its terms not to be performed within one year from the making thereof, is not validated by part performance. *Wahl* v. *Barnum, supra.*  In *Wheeler* v. *Reynolds,* 66 N. Y. 227, 236, the Court of Appeals said: " It is a mistake to suppose that parol agreements relating to lands are any more valid in equity than at law.  They are always and everywhere invalid.  But courts of equity have general jurisdiction to relieve against frauds, and where a parol agreement relating to lands has been so far partly performed that it would be a fraud upon the party doing the acts, unless the agreement should be performed by the other party, the court will relieve against this fraud and apply the remedy by enforcing the agreement.  It is not the parol agreement which lies at the foundation of the jurisdiction in such a case, but the fraud." The mere refusal to perform a parol agreement, void under the Statute of Frauds, is in no sense a fraud either in law or in equity. *Wheeler* v. *Reynolds, supra.*  An examination of the only grounds upon which the defendants can be said to invoke the doctrine of an equitable estoppel and ask for a decree of specific performance is that they have paid $2,000 in installments,

pursuant to the terms of the agreement, and that this amount has been retained by the plaintiff. In *Galvin* v. *Prentice,* 45 N. Y. 162, 164, it is stated that where payments are made upon a contract void by the Statute of Frauds, and the party receiving the payments refused to go on and complete the performance of the contract, the other party may recover back the amount of such payments in an action upon an implied assumption. · In *Winchell* v. *Winchell,* 100 N. Y. 163, the rule is laid down that a party who refuses to go on with an agreement, void by the Statute of Frauds, after having derived a benefit by a part performance must pay for what he has received. In cases such as the one at bar payment of the consideration in part, or even in whole, is held not to be a fraud such as will form the basis of a decree for specific performance of the contract. In *Cooley* v. *Lobdell,* 153 N. Y. 596, 601, the court said: " The payment of the consideration alone is not enough, although learned judges differ as to the reason for the rule. It is argued by some that as the statute· makes payment of part of the purchase money sufficient to sustain a verbal contract to sell goods at the price of fifty dollars or more, and yet does not make payment of the purchase price wholly or in part sufficient in the case of a verbal contract to sell lands, the presumption is that the legislature intended that the latter case should not be exempt from the operation of the statute. The more generally accepted, and on the whole more satisfactory reason, however, is that the purchase money can be recovered back in an action at law and the parties thus restored to their original position, the party paying is not injured, no fraud is perpetrated upon him by refusal to convey, and there is no occasion for a resort to equity. But, whatever may be the reason for the rule, as said by a recent author, ' by

an unbroken current of authorities, running through many years, it is settled too firmly for question that payment, even to the whole amount of the purchase money, is not to be deemed such part performance as to justify a court of equity in enforcing the contract.' "
In *Milholland* v. *Payne,* 169 App. Div. 712; affd., 218 N. Y. 675, the court said at pages 714, 715: " The payment of the consideration does not alone seem to be a sufficient part payment to take the contract out of the statute.  It is evident that in one sense the plaintiff cannot be placed in the same position as before the making of the contract.  This defendant in violation of his agreement has taken the property and has placed a barrier practically insurmountable to plaintiff's purchase.  Nevertheless, the rule which takes the contract out of the statute in the case of partial performance, where the party cannot be put in the same position as before, seems to contemplate some action on the part of the party himself from which he cannot recede without injury to himself, and which cannot be compensated in damages.  \*  \*  \*
We are unable to find any authority which would hold valid a contract made under like circumstances, where the only act of the party seeking to enforce a contract was the payment of money itself." See, also, 2 Story Eq. Juris. § 760.  Accordingly, the demurrer must be overruled, with ten dollars costs, and since the issue was brought on and tried as a contested motion the proper practice is to enter an order. *Taishoff* v. *Elkema,* 171 App. Div. 288, 295.

Ordered accordingly.