(11 Misc. Rep. 214.)

WEBER v. HUERSTEL et al.

(Supreme Court, Special Term, New York County. January, 1895.)

MORTGAGES—RIGHT TO DECLARE DUE—EXTENSION.

> A provision in a mortgage that if any tax or assessment thereafter imposed on the premises should remain unpaid for six months, the debt secured should, at the option of the mortgagee, become due and payable immediately, is not affected by an agreement for an extension of the time of payment of the debt secured, even as to a default which occurred before the extension.

Action by Walter A. Weber against Edward Huerstel and others to foreclose a mortgage. Defendants demur to the complaint. Overruled.

J. Noble Hayes, for plaintiff.
Joseph Kling, for defendant Fuller.

BEEKMAN, J. This action is brought to foreclose a mortgage upon real property in the city of New York. The mortgage and accompanying bond were given to secure the payment of the principal sum of $12,000 on or before the 17th day of December, 1890, and interest thereon, which was to be paid semiannually. The bond and mortgage provided, among other things, that if any tax or assessment should be imposed upon the premises after the date of the execution and delivery of the same, and remain unpaid for

six months, the said principal sum; and all arrearages of interest thereon, should, at the option of the mortgagee or his legal representatives, become and be due and payable immediately thereafter, although the period limited in the bond and mortgage for the payment thereof may not then have expired. On February 18, 1891, by agreement under seal, duly executed by the parties in interest, the time for the payment of the principal sum was extended to the 17th day of December, 1895, upon the express condition and agreement that "nothing therein contained should in any wise impair the security then held for the said debt." The complaint then alleges that "taxes and assessments to the amount of $1,500, or thereabouts, have been levied upon the said property, * * * and have remained unpaid for the period of five years or thereabouts, and that more than six months have elapsed since the greater portion of the same became due, and that the defendant, the said mortgagor, has failed and neglected to pay the same, and that the plaintiffs elect to deem the whole principal sum of the mortgage to be immediately due and payable," etc. The defendant Fuller, who is made a party defendant, under the general clause charging defendants not parties to the mortgage, has demurred to the complaint, on the ground that it does not set forth facts sufficient to constitute a cause of action against him, and in support of his demurrer contended upon the trial that the allegation of default should have specifically stated when the taxes and assessments came due; that the averment is that the taxes and assessments were due five years or thereabouts before the action was commenced, which would make the default occur before the extension of the mortgage, and that the mortgage cannot be foreclosed for any such default so occurring. I am unable to agree with the learned counsel for defendant, if by this he means that a mortgagee cannot, after simply extending the time of the payment of the mortgage debt, exercise the right, under the option clause above mentioned, of considering the principal sum immediately due and payable, by reason of a failure on the part of the mortgagor to pay taxes which were liens on the mortgaged premises prior to the extension. The plaintiff is not bound to exercise his option at any particular time. The clause is for his protection, and, whenever the conditions exist which bring the case within the purview of the provision, he is at liberty to exercise his privilege, without regard to the fact that he might have done so before, premising that he has not been guilty of any act which has operated as a waiver of his right. It is entirely optional with him, and with him alone, whether the mortgage debt shall be deemed payable under such circumstances. It is certainly to the advantage of the mortgagor that he should not so elect, and his forbearance is not to be urged as a waiver of his privilege, unless associated with acts which indicate an intelligent purpose to renounce it, or which make it inequitable or unconscionable for him to enforce it. The complaint does not disclose any such purpose or acts on the part of the mortgagee. The extension of time for the payment of the mortgage debt was in terms given "upon the express condition that nothing therein contained

should in any wise impair the security then held for the said debt."
It did not operate as a waiver of the right which the plaintiff has
exercised. The extension agreement is to be read in connection
with and as a part of the bond and mortgage, and the legal effect
of the papers thus read together is precisely the same as if the time
originally stipulated for the payment of the principal had been the
17th day of December, 1895, instead of the 17th day of Decem-
ber, 1890. Every other stipulation and agreement contained in the
bond and mortgage continued operative and unimpaired, and the
extended time for payment still continued subject to an earlier
maturity of the debt, at the election of the mortgagee, whenever
conditions existed which, under the option clause, made the elec-
tion exercisable. The mortgagee had a right to assume, down to
the time that the option was exercised, that the mortgagor would
perform the duty he owed him and pay the taxes. He was enti-
tled to rest on this assumption when he extended the mortgage,
and it comes with ill grace from those who benefited by his leniency
to urge his forbearance as a waiver on his part of so important an
element of his security. Furthermore, there is nothing in the com-
plaint which shows that the mortgagee knew that any taxes were
in arrears at the time the extension was given, and there is no pre-
sumption of law that he had such knowledge. He cannot be said
to have waived a right where he had no knowledge of the facts in
which it rested. Clauses similar to the one in question have for
years been of universal use in bonds and mortgages. They are
eminently reasonable, and have been found necessary for the proper
protection of the security upon which loans of money so made rest.
They are not in the nature of forfeitures in any obnoxious sense,
and should be sustained by the courts under the same rules of con-
struction ordinarily applied to contracts in general. The drift of
all adjudicated cases upon the subject has been in that direction,
and mortgagors have been relieved from such apparent defaults
only where it has been made to appear that the mortgagee has
been guilty of some act, or is responsible for conditions, rendering
it inequitable and unjust, upon the facts of the case, that the priv-
ilege should be exercised.

The case under consideration fails to present any such features.
But assuming, for the sake of argument, that the defendant's posi-
tion is correct,—that, if the taxes in question were due and paya-
ble at the time the extension was granted, the plaintiff could not
thereafter elect to call the whole mortgage debt by reason thereof,
—still the construction he puts upon the complaint that the taxes
were so due and payable is entirely too narrow. The allegation
is "that taxes and assessments to the amount of $1,500, or there-
abouts, have been levied upon the said property hereinabove de-
scribed, and have remained unpaid for the period of five years or
thereabouts, and that more than six months have elapsed since the
greater portion of the same became due," etc. The allegation
may, and more properly does, bear the construction that during the
period of five years, and from time to time within such period,
taxes and assessments were imposed and became due and payable,

which, of course, would cover several years subsequent to the extension. And this construction is further reinforced by the fact, of which judicial notice will be taken, that the statutes of the state require taxes to be levied from year to year. I am of the opinion that this allegation of the complaint should be so construed, especially as the rule of law is that where a matter is capable of different meanings that should be adopted which will support the pleading. Code Civ. Proc. § 519; Olcott v. Carroll, 39 N. Y. 436; Marie v. Garrison, 83 N. Y. 14; Lorillard v. Clyde, 86 N. Y. 384. If there is ambiguity in the allegation, the defendant's remedy was to move for an order requiring the plaintiff to make his complaint more definite and certain. He cannot successfully demur, for, although the pleading may be indefinite and uncertain, it states a cause of action within the rules. The demurrer is overruled, but with leave to the defendant Fuller to answer within 20 days on payment of costs; otherwise judgment absolute is awarded to the plaintiff upon the demurrer, with costs. Ordered accordingly.