(35 App. Div. 566.)

### BEACH v. SHANLEY et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. MORTGAGES—MATURITY—EXTENSION—PLEADING—ANSWER.
   An answer admitting that a mortgage sued on became due by its terms before the suit commenced does not fail to raise an issue of fact by denying that there was anything due thereon, where the answer alleges affirmatively that the time of payment was extended by agreement.

2. SAME—ELECTION.
   A complaint to foreclose a mortgage alleged that the time fixed in the mortgage for payment of the principal had expired, and sought foreclosure on that account. It also averred that the mortgage contained a clause making the whole amount due on default of interest for 30 days. Held, that the bringing of the action did not show an election to declare the principal due, notwithstanding an agreement to extend the time of payment, by reason of such default in payment of interest.

3. SAME.
   A mortgage making the whole amount due on default of interest for 30 days does not make the principal due for such a default, after the date of maturity, notwithstanding an agreement to extend the time of payment of the principal.

Appeal from special term, New York county.

Action by Sophia E. Beach against John Shanley and others. From an order overruling defendant Shanley's answer as frivolous, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

E. L. Crandall, for appellant.
Gibson Putzel, for respondent.

VAN BRUNT, P. J. It seems to us, upon an examination of the pleadings contained in this record, that the answer of the defendant is not only not frivolous, but raises issues which must be settled upon a trial. This action was brought on the 11th of November, 1897, to foreclose a mortgage, which, according to the allegations of the complaint, became due on the 4th of March, 1897, and upon which no interest had been paid from said date. There was an allegation in the complaint that the bond and mortgage contained a 30-day interest clause, but this allegation was irrelevant, and inapplicable to the cause of action set out in the complaint, which was to foreclose a mortgage, the principal of which, by its terms, had become due. The defendant, in his answer, first admits all allegations in the complaint not thereinafter specifically denied; and, second, denies that any sum

or amount whatever is now due or owing to said plaintiff on account of the bond and mortgage in the complaint described; and, third, for a further and separate defense he alleges that on or about the 15th of March, 1897, the plaintiff, for a valuable consideration, entered into an agreement with the defendant whereby she promised and agreed to extend the time for the payment of the principal amount due under said bond and mortgage aforesaid for one year, and no sum or amount is now due said plaintiff on account of said mortgage by virtue of said agreement aforesaid. It is claimed that, as the answer admitted that by the terms of the bond and mortgage it became due on the 4th of March, 1897, the denial that there was anything due thereon was a mere conclusion of law, and raised no issue of fact. However this might have been had such allegation stood alone, when it is taken in connection with the affirmative defense, in which such denial is again repeated, the pleading is fairly to be construed as denying that anything was due because there had been an absolute and unqualified extension of the time for the payment of the principal secured by said bond and mortgage for one year from the 4th of March, 1897; and, in order to entitle the plaintiff to proceed with her foreclosure, it was necessary for her to establish some fact in avoidance of this new matter set up in the defendant's answer. To rebut this proposition it is urged that the interest clause contained in the bond and mortgage applied to the extension alleged in the answer; and that, it appearing that interest had been due for more than 30 days, the plaintiff had the right to elect that the principal sum should become due, and had so elected by the bringing of the action. It is undoubtedly true that where, in order to entitle the plaintiff to bring an action for foreclosure, it appears upon the face of the complaint that it is necessary that such election should be made, it has been held that the bringing of the suit is to be deemed an election. But it has never yet been adjudicated that, where the complaint alleges that the suit is brought because the principal secured by the bond and mortgage is actually due, the bringing of the action is to be deemed an election that it shall become due. A party will never be presumed to elect that that shall be which already is, and this is precisely the condition of this pleading. The complaint alleges that the bond and mortgage is due, and is sought to be foreclosed on that account. There is no intimation that there has been any change in the due date. It is true that the complaint contains the allegation of an interest clause, but that was entirely irrelevant and immaterial, so far as the cause of action alleged in the complaint was concerned. It is evident that the plaintiff did not bring her action upon an election under that clause, as has already been stated, because she alleges that the principal of the bond and mortgage was due, and it was for that reason that she claimed the right to foreclose.

But it does not seem to us that the contention that the interest clause would apply to the extension, as alleged in the defendant's answer, is well founded. It is claimed that there are two cases, one in the general term and one in the appellate division, which so hold. An examination of those cases, however, will show that they are not analogous, and were probably correctly decided. In the case of

Jester v. Sterling, 25 Hun, 344, the agreement was to extend the term of said mortgage until after six months' notice in writing. That clearly extended the mortgage and all its provisions. So, in the case of Leopold v. Hallheimer, 1 App. Div. 202, 37 N. Y. Supp. 154, the period for the payment of said mortgage was extended; which is similar to the case of Jester v. Sterling, and might well be held to extend all the terms of the mortgage. The answer in the case at bar, however, is that there was an absolute and unqualified extension of the payment of the principal amount due under said bond and mortgage beyond the period at which this action was commenced. There was no extension of the mortgage. There was simply an allegation of an unqualified extension of the time for the payment of the principal amount,—an amount which was then already due,—and the further allegation that this extension was made for a valuable consideration, followed by a denial that there was any sum due to the plaintiff.

We are of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(36 App. Div. 57.)

### WALLACE v. THIRD AVE. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

Appeal from trial term.

Action for damages for personal injuries brought by Mary Wallace, as administratrix of Thomas Wallace, deceased, against the Third Avenue Railroad Company and another. From the judgment entered