ing the merits; or if a new trial is directed, before the same or another justice, as prescribed in this article; the costs of the appeal are in the discretion of the appellate court."

As such costs are in the discretion of the County Court, we have no authority to review its award. Monroe v. White, 25 App. Div. 292, 49 N. Y. Supp. 517, is a decision in point, although the first, and not the second, clause of subdivision 2 was up in that case. It is evident that the judgment of reversal is modified by the order which awards a new trial, so that the final disposition of the appeal by the County Court is reversal and a new trial. As the County Court could have ordered an absolute reversal, its final action must be regarded by way of favor to the tenant. The record recites that "both parties," and therefore the tenant, consented to the modification. I think that he cannot stand as absolutely consenting to an order for a new trial in lieu of a reversal against him, and yet be heard to appeal from the judgment of reversal, which was thus modified to his advantage by favor, and upon his consent. See Bolles v. Cantor, 6 App. Div. 365, 39 N. Y. Supp. 652; Dawson v. Parsons, 74 Hun, 221, 26 N. Y. Supp. 327, and cases cited; Sun Printing & Pub. Ass'n v. Abbey Salt Co., 62 App. Div. 54, 70 N. Y. Supp. 871.

The judgment and order should be affirmed, with costs. All concur.

---

(98 App. Div. 88)

## GERMANIA LIFE INS. CO. v. CASEY.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. MORTGAGES—CONVEYANCE OF LAND—ASSUMPTION BY GRANTEE—EFFECT.
   Where a mortgagor conveyed the mortgaged land to another, who assumed and agreed to pay the mortgage, the mortgagor's liability became that of a surety only.

2. SAME—EXTENSION OF TIME—ACCEPTANCE OF UNMATURED INTEREST—DISCHARGE OF SURETY.
   Where, after conveyance of mortgaged property to a grantee, who assumed and agreed to pay the mortgage debt, and, after the principal of the debt had matured, the mortgagee, with knowledge of the conveyance and assumption of contract, accepted from the grantee a payment of semi-annual interest one day before it became due, without the mortgagor's consent, and without any reserved right to return the surplus of interest, or apply the same on the principal, and to enforce payment of the balance, such payment amounted to an extension of time, and discharged the mortgagor from liability for a deficiency.

   Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by the Germania Life Insurance Company against John Casey, impleaded with John J. Sullivan and others. From a judgment in favor of defendant Casey, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry B. Pogson, for appellant.
Benjamin N. Cardozo, for respondent.

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 756.

LAUGHLIN, J.   The action is brought to foreclose a mortgage executed by the defendant John Casey and his wife on the 20th day of September, 1895, to secure the payment of $20,000 on the 1st day of August, 1898, according to the terms of his bond given therewith, and bearing interest at the rate of 5 per cent. per annum, payable on the 1st days of February and August of each year.   On the 24th day of February, 1896, Casey conveyed the premises subject to the mortgage, which his grantee assumed and agreed to pay.   The plaintiff sought to hold Casey for any deficiency, and the complaint was dismissed on the ground that on the 31st day of January, 1899, the mortgagee, with knowledge that Casey had conveyed the premises, and that his grantee · had assumed the payment of the mortgage, and that the premises were then worth more than the amount of the mortgage and interest, accept- ed payment of the interest for six months, which was not due until the day following.   This payment of interest was made without the knowledge or consent of the respondent, and the theory of his learned counsel is that its acceptance constituted an extension of time of one day for the payment of the mortgage debt.   There can be no doubt, I think, that the mortgagee, by accepting the interest, as such, before the same became due, precluded itself from foreclosing the mortgage until the expiration of the period for which the interest was accepted.   After the conveyance by Casey, his liability became that of a surety; and, if there was any extension of time for the payment of the mortgage debt without his knowledge or consent, he was relieved from all liability up- on the bond.   In New York Life Ins. Co. v. Casey, 178 N. Y. 381, 70 N. E. 916, the Court of Appeals held that the receipt of interest upon a mortgage indebtedness in advance of the time that the same became due is prima facie evidence of an agreement on the part of the mort- gagee to extend the time of payment until the expiration of the period for which the interest was received, which, however, may be rebutted by proof of facts and circumstances showing that such agreement was not made.   In the case at bar no facts or circumstances are shown to rebut the presumption arising from the receipt and acceptance of the interest in advance, and consequently the inference that an agreement for the extension of time of payment is justified by the evidence.   It is, however, insisted that the court has failed to find that such an agree- ment was made.   The case contains all of the evidence, and, there being no conflict therein on this point, we are at liberty, for the purpose of sustaining the judgment, to indulge in the assumption that the trial judge is deemed to have found every material fact established by the evidence, and essential to sustain the judgment.   Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638;  F. N. Bank v. Chalmers, 144 N. Y. 432, 39 N. E. 331;  Marvin v. Brewster Iron Mining Co., 55 N. Y. 538, 14 Am. Rep. 322;  Murray v. Marshall, 94 N. Y. 611.

Moreover, the trial justice found the payment and acceptance of the interest one day in advance; and, although he does not specifically find that it was done pursuant to an agreement for an extension, yet he finds, in the second conclusion of law, that, by the payment of the interest a day before the same became due, the plaintiff and Casey's grantee "entered into an agreement, for a valuable consideration, without the knowledge or assent of the defendant John Casey, extending the time

for the payment of the principal sum secured by the said mortgage under foreclosure in this action, and including the 1st day of February, 1899." This conclusion of law may, for the purpose of sustaining the judgment, be treated as a finding of fact, since the evidence is all in the record and undisputed. Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143; Parker v. Baxter, 86 N. Y. 586. We are aware that this is a new application of a well-settled rule of law, and that it is important that it should be well understood by those dealing in securities. It is often a convenience to a person primarily liable on a mortgage to pay the interest a day or a few days in advance, and, in a sense, it is to the interest of the mortgagor that it should be accepted when tendered, for, if payment should be deferred, it might not be made at all. The effect of this decision is not that interest cannot be accepted in advance without discharging the sureties. It only applies, in any event, to cases where the principal has become due and payable. Payments of interest in advance, even when the principal has become due, may still be accepted by the mortgagee without releasing the sureties, provided that he expressly reserved the right at any time to return the surplus of interest, or apply the same upon the principal and enforce payment of the balance, which agreement may, for greater security, be incorporated in the receipt, or otherwise reduced to writing.

It follows, therefore, that the judgment should be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur. VAN BRUNT, P. J., concurs in result. HATCH, J., dissents.