(48 Misc. Rep. 21)

MACAULAY et al. v. HAYDEN et al.

(Supreme Court, Special Term, Kings County. July, 1905.)

1. MORTGAGES—EXTENSION—VALIDITY.

An agreement to extend the time of the payment of a mortgage will be enforced, where it is founded on a valid consideration, though the mortgagor refused to sign a formal extension of agreement, on the ground that a letter agreeing to extend the same was sufficient.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 895.]

2. SAME—FORECLOSURE—EXTENSION.

A mortgagee agreed for a sufficient consideration to extend the time for the payment of the mortgage. The land was thereafter conveyed by the mortgagor to one who assumed all the incumbrances. *Held* that, in an action subsequently brought to foreclose the mortgage, the mortgagor could defend by setting up the extension, the assumption of the incumbrances, the insolvency of the grantee, and the fact that, because of the unfavorable condition of the real estate market, there would be a deficiency in the event of a sale, though the mortgagee waived any decree for deficiency.

Action by Charles R. Macaulay and James S. Gold against Thomas J. Hayden and others to foreclose mortgages. Complaint dismissed.

Milton Mayer (Hugo Hirsh, of counsel), for plaintiffs.
John J. Cunneen, for defendants.

KELLY, J.   The plaintiffs, seeking to foreclose certain mortgages made by the defendant Hayden covering the premises on Hopkinson avenue, Brooklyn, for nonpayment of principal, Hayden denies that the principal is due, and alleges that in March, 1904, the plaintiffs, for a valuable consideration, agreed with him to extend the time of payment to May 1, 1905.   The plaintiffs deny the extension, and in addition they claim that Hayden conveyed the property to the defendant Dugan, who offers no objection to the foreclosure of the mortgage and the sale of the premises.   They say that Hayden has no standing in court to plead the alleged extension, because in open court they waived any claim against him for deficiency.   To this contention Hayden answers that he conveyed the property to Dugan for nominal consideration, because that defendant stipulated to pay, not only the mortgages in suit, but all other incumbrances on the premises, including mechanics' liens and claims for labor and materials, and that Dugan also undertook, in consideration of the conveyance, to hold Hayden harmless from all claims and demands growing out of the claims against the real estate, for which claim he (Hayden) was liable, and Hayden, alleging that Dugan is irresponsible and that a sale of the property at this time would result in a deficiency on the claims, excluding plaintiffs' mortgages, because of a depreciated market, asserts an equitable interest in the extension agreement, which, he says, justifies his appearance on the trial and the assertion of his demands, notwithstanding plaintiffs' waiver of claim for deficiency on the mortgages.

When this case was tried, a day was fixed for submission of briefs, exhibits, and papers.   Owing to a misunderstanding, and without fault on the part of counsel for either party, the plaintiffs' papers only reached the court; and, having retained them for some time beyond the day fixed, no papers, briefs, or exhibits coming from defendant Hayden, the trial justice, in the belief that Hayden had abandoned his defense, filed the papers on March 17, 1905, with an indorsement, "Judgment for plaintiffs."   It appearing that Hayden had in fact filed his papers, briefs, and exhibits in due time with the clerk, as required by the rule, and the clerk was holding them for receipt of plaintiffs' papers, which had been handed, through oversight, directly to the trial justice, the indorsement on the papers under date of March 17th was canceled with the assent of both parties, and the case is now before the court for decision.

I have reached the conclusion that the time of payment of these mortgages was extended to May 1, 1905.   Originally payable on demand, Hayden offers in evidence a letter from the plaintiff Macaulay to him, under date of February 8, 1904 (Exhibit B), requiring him to release certain other property from a contract to which Hayden had a right to take title; and the plaintiff said to him:

"Otherwise I demand payment of the mortgages on Hopkinson avenue houses [the property in suit here].   If you consent to release lots immediately, we will consent to allow mortgages to stand as they are."

The defendant Hayden complied with plaintiffs' demand.   He released the other property in which Macaulay was interested, and the defendants Potts and Partridge, parties to that contract, from all claims and demands thereunder, and gave these plaintiffs a general release.

96 N.Y.S—5

The agreement of release, dated March 8, 1904, is in evidence (Exhibit A). The plaintiffs are the parties of the third part to the contract, which is under seal, and it contains the following paragraph:

"(3) The parties of the third part, in consideration of the above premises, agree to extend the time of payment of the 11 mortgages made by the party of the first part [Hayden] to said parties of the third part, affecting the premises on St. Mark's avenue, Hopkinson avenue, and Prospect place, in the borough of Brooklyn, city of New York, which said 11 mortgages are dated November 16, 1903, and recorded in Kings county register's office on the 17th day of November, 1903, and which, according to the original tenor thereof, were payable on demand, so that the said 11 mortgages shall become due and payable on the 1st day of May in the year 1905."

The plaintiffs say that this was simply an agreement to execute a contract extending the time of payment of the mortgages; that it is not a complete instrument containing in itself an extension. It appears that plaintiffs' counsel prepared a formal extension agreement, containing clauses relative to payment of interest and other conditions usually found in extension agreements. They offered this to Hayden's counsel, signed by plaintiffs, and requested Hayden's signature; but Hayden refused to sign it, on the theory that Exhibit A contained the agreement, and that in executing Exhibit A he (Hayden) had performed his part of the contract. Under the authorities, I think his claim must be upheld. Agreements far less specific and formal have been held as between the parties to work an extension of the time of payment. The paper (Exhibit A) appears to have been carefully drawn under the supervision of counsel, duly executed under seal, acknowledged, and delivered. Hayden gave due consideration for it, and I think as to him it worked an extension of time of payment to May 1, 1905. Jester v. Sterling, 25 Hun, 344; Dodge v. Crandall, 30 N. Y. 294; Leopold v. Hallheimer, 1 App. Div. 202, 37 N. Y. Supp. 154; Beach v. Shanley, 35 App. Div. 568, 55 N. Y. Supp. 130. If the time of payment was extended, the fact that Hayden conveyed to Dugan and plaintiffs' waiver of deficiency judgment against him does not, in my opinion, bar him from pleading the extension. He still retains an equitable interest in this agreement. If the property is sold now, the security of the lienors and other claimants for whose demands Hayden is principally liable will be impaired. Dugan agreed to pay these claims in consideration of the transfer of the property. He has not paid them, and now appears before the court, apparently anxious that his rights therein should be foreclosed and the premises sold. The foreclosure suits were commenced in October, 1904. The property was conveyed to Dugan in January, 1905. He is irresponsible. The sale at this time, Hayden avers, will result in a deficiency, the lienors and other claimants whose demands are unpaid will resort to his personal liability, and he alleges that the damage done him by the premature commencement of the foreclosure suit will be consummated in judgments and his financial ruin. I think in equity his claims have a standing. Wilts. Mort. Forec. § 116 et seq.

I think the suits are prematurely brought, and that the complaints must be dismissed, with costs.

Complaints dismissed, with costs.