LOUIS SCHRIEBER, Plaintiff, *v.* JOHN SAWYER, GRACE M. BEACH and Others, Defendants.

Supreme Court, Broome County, July 12, 1930.

*Thomas A. MacClary*, for the plaintiff.

*Oliver R. Johnson*, for the defendant.

PERSONIUS, J. This is a foreclosure action. The complaint alleges non-payment of an installment of principal due July 1, 1929, and that the plaintiff has elected, and does elect, that the whole principal become due and payable. It also alleges that the entire principal, together with interest from December 31, 1927 (the date of the mortgage), is due and unpaid, except as to sixty dollars paid to apply on interest. Thus the complaint indirectly alleges default in the payment of an installment on the principal January 1, 1930, and default in paying interest each six months, although the failure to pay the installment on principal due July 1, 1929, is made the basis of the right to foreclose.

The defendants Sawyer gave the bond and mortgage. The defendant Grace M. Beach, alone, answers. She alleges that prior to the commencement of this action she was the owner in fee of the premises. She admits all the allegations of the complaint, except the allegation of default and the allegation that the mortgage and interest are due. Her answer further alleges that the plaintiff " for a good, sufficient and valid consideration duly extended the time when the payments " (plural) were to become due and payable, and that the date on which they were to become due and payable had not expired when the action was commenced and the answer filed.

The plaintiff's motion is, *first*, to strike out this defense, consisting of new matter, on the ground that it is insufficient in law. He argues that " any promise to extend the time of payment * * * does not constitute a defense in law," apparently on the theory that such promise would be without consideration, citing *Repelow* v. *Walsh* (98 App. Div. 320).

That case had been tried. The defendant proved a naked promise to extend the time of payment but proved no consideration whatever. The court held that a promise to extend the time of payment of a debt actually due was " without legal consideration and unenforcible," citing *Olmstead* v. *Latimer* (158 N. Y. 313), where it was said (p. 319): " It was held that an agreement by a creditor to postpone payment of a debt until a future day certain, *without other or further consideration* than the agreement of the debtor to pay the debt with interest, is void for want of consideration."

Such holding is upon the well-recognized theory that the promisor did nothing and promised nothing which he was not already legally obliged to do.

Fiero on Particular Actions (4th ed.), pp. 1449 and 1404, lays down this rule: "An agreement based upon a sufficient consideration, extending the time of the payment of a mortgage, is a valid defense to an action of foreclosure commenced before the time to which the payment of the mortgage debt has been extended. Hence an answer which admits the allegations of the complaint, accompanied by a denial that the principal is due and an allegation that an extension was granted, is not frivolous." (See, also, 1 Wiltsie Mort. Forecl. [4th ed.] p. 99, § 70; *Beach* v. *Shanley*, 35 App. Div. 566; *Krebs* v. *Carpenter*, 124 id. 755; *Macaulay* v. *Hayden*, 48 Misc. 21.)

The answer in this case alleges that the plaintiff duly extended the time of payment " for a good, sufficient and valid consideration." It does not state the nature of the consideration, but it sufficiently alleges consideration for the plaintiff's promise to extend payment. (*St. Lawrence, etc.,* v. *Watkins*, 153 App. Div. 551; *California Packing Corporation* v. *Kelly S. & D. Co.*, 228 N. Y. 49.)

On this motion we must assume that the statements in the answer are true. The answer alleges an agreement to extend the time of payment to a time following the joinder of issue, and that such agreement was upon a sufficient consideration. Therefore, the defense, consisting of new matter, is sufficient in law and cannot be stricken out under Rules of Civil Practice (rule 109, subd. 6).

There is nothing to show when the defendant Grace M. Beach became the owner of the premises or when the agreement to extend the time was made, except that both occurred prior to the commencement of the action. However, if the promise was made for consideration, as alleged in the answer, it would seem to be immaterial whether the promise was made before or after the mortgage became due. In *Beach* v. *Shanley* (*supra*) the mortgage became due on March 4, 1897, and the promise to extend the time of payment was not made until March fifteenth.

The plaintiff moves, *second*, for the dismissal of the counterclaim on the grounds that it (1) is not properly interposed and (2) does not state a cause of action.

No personal liability is alleged, no deficiency judgment is sought against the defendant Beach. However, the answer says she is the owner of the premises. Being such, she may plead a setoff or counterclaim. In a foreclosure suit a defendant who is personally liable for a debt, *or whose land is bound by the lien*, may plead a setoff or counterclaim. (*Lathrop* v. *Godfrey*, 3 Hun, 739; *National Fire Insurance Co.* v. *McKay*, 21 N. Y. 191, 196; *American Guild* v. *Damon*, 186 id. 360, 367.)

A counterclaim based on another contract is proper. (1 Wiltsie Mort. Forecl. [4th ed.] § 441.) One based on deceit in the transaction

in which the mortgage was given is proper. (*Merry Realty Co., Inc.,* v. *Shamokin, etc.,* 186 App. Div. 538; *Sherwood* v. *Fincke,* 196 id. 97.) It seems that damages by the mortgagees to the mortgaged premises may properly be pleaded as a counterclaim. (*Ft. Miller Pulp & Paper Co.* v. *Bratt,* 104 N. Y. Supp. 350.) The court there held that the alleged claim was connected with the subject of the action and, therefore, properly pleaded under (now) section 266 of the Civil Practice Act. I am not willing to admit that a claim for damages growing out of the mortgagees' alleged interference with the *sale* of the premises by the owner is connected with the subject of this action. The unlawful damage to the premises reduced the value of the owner's equity. The alleged interference with the *sale* of the premises affected neither the bond, the mortgage nor the value of the premises.

However, it is unnecessary to hold that this counterclaim is not properly pleaded as it is clearly insufficient. It alleges that the plaintiff " intervened and prevented " a sale of the premises, and that the sale was prevented by reason of the " interference and misrepresentation of the plaintiff." A counterclaim must state a cause of action. What cause of action the defendant intended to allege is not clear. It savors of fraud and of slander of title. Whatever was intended, it states no facts, but only conclusions. This is insufficient. (*Kranz* v. *Lewis,* 115 App. Div. 106, 108; *Beadleston & Woerz* v. *Furrer,* 102 id. 544, 546.)

The plaintiff's motion to dismiss the defense of new matter contained in paragraph No. 2 of the answer should be denied, and his motion to dismiss the counterclaim granted. Prepare order accordingly.