STATION IMPROVEMENT CORPORATION, Plaintiff, *v.* WYCHWOOD HOLDING CORPORATION and Others, Defendants.

County Court, Nassau County, November 9, 1931.

*Clarke & Frost* [*Walter J. A. Mack* of counsel], for the motion.

*Ralph J. Leibenderfer* and *Anthony J. Romagna* [*Walter H. Bond* of counsel], opposed.

BONYNGE, J. The plaintiff sues to foreclose a mortgage made by the defendant Wychwood Holding Corporation for the sum of $225,000 and maturing July 26, 1931. After the making of the mortgage the property was conveyed to the defendant Shorewood Realty Corporation. There is no allegation of an assumption of the mortgage by the grantee. The sole default alleged in the complaint is failure to pay at maturity.

The mortgagor and its grantee have served amended answers wherein they deny that the principal sum fell due on maturity date named in the mortgage and deny that any sum is presently payable to the plaintiff. As a first defense, both defendants plead an alleged agreement with plaintiff, based upon a sufficient consideration, extending the time of payment of the principal sum to July 26, 1933. Each amended answer contains a counterclaim setting forth the alleged facts which follow. Sometime after the Shorewood Realty Corporation acquired title to the mortgaged premises it began the erection of a large apartment house estimated to cost $700,000. A building loan of $650,000 was obtained and the plaintiff subordinated its mortgage thereto. Before the operation was completed it became apparent that the building would exceed the estimated cost by $125,000. The funds of Shorewood were exhausted and the plaintiff was faced with the prospect of foreclosing its mortgage upon an unfinished building and of protecting the prior mortgage. Thereupon the plaintiff is alleged to have agreed, in or about November, 1929, to extend its mortgage for two years from July 26, 1931, provided the directors of the answering defendants raised the $125,000 necessary to complete. It is averred that thus sum was raised by the directors upon their personal indorsements, resulting in completion of the building and the consequent enhancement of the security back of the plaintiff's mortgage. The counterclaims further allege false and fraudulent representations by the plaintiff as to its actual intentions with respect to the extension of the mortgage, as a result of which Shorewood was induced to and did raise the money necessary to complete, and judgment is demanded dismissing the complaint and awarding appropriate equitable relief to the defendants.

Upon the foregoing facts it would seem that the defendants are entitled to their day in court upon the amended answers. The pleadings and the affidavits pro and con raise a sharp issue of fact as to whether there was an agreement to extend the mortgage. This question is too close and the interests involved are too important to justify the court in summarily determining that the amended answers are frivolous or sham under rule 104 of the Rules of Civil Practice. (*Schrieber* v. *Sawyer*, 137 Misc. 498.) The same reason-

ing leads to the conclusion that judgment on the pleadings should not be awarded to the plaintiff under rule 112 of the Rules of Civil Practice. Furthermore, on this branch of the motion the affidavits cannot be considered. (*Merchants Loan & Investment Corp.* v. *Abramson,* 214 App. Div. 252.) It is also to be noted that the pleadings are incomplete owing to the failure of the plaintiff to reply. (*Kappelmeier* v. *Newton Garage, In* , 221 App. Div. 566.) The title of rule 112 of the Rules of Civil Practice, " Motion for judgment on the pleadings after issue joined," plainly implies that the rule has no application where pleadings are still in the formative stage.

The defenses cannot be held to be insufficient in law under rule 109 of the Rules of Civil Practice because they aver that the alleged agreement extending the maturity of the mortgage was founded upon a sufficient consideration and it does not appear that this agreement was oral. The affidavits may not be considered upon this branch of the motion for the purpose of establishing a state of facts contrary to that shown upon the face of the pleadings. (*Welch* v. *City of Niagara Falls,* 210 App. Div. 170.) Moreover, an oral agreement of the kind is not necessarily ineffective. (*Veerhoff* v. *Miller,* 30 App. Div. 355; *Thomson* v. *Poor,* 147 N. Y. 402; *Dodge* v. *Crandall,* 30 id. 294.) The authorities last cited furnish an equally pertinent answer to the plaintiff's attempt to dismiss the counterclaims under rule 110 of the Rules of Civil Practice.

Motion denied, with ten dollars costs.