IKEY DE MARZIO, as Administrator, etc., of CARMINE DE MARZIO, Respondent, v. MONTROSE CONTRACTING COMPANY, Appellant.— Judgment affirmed, with costs. All concur, except Taylor and Crosby, JJ., who dissent and vote for reversal on the law and facts and for granting a new trial on the ground that if the section of the barrier was detached at one end and lowered there could be no recovery against the defendant for the reason that, in the ordinary and reasonable prosecution of the work the barriers had to be removed from time to time, and the risk growing out of such necessary removal of barriers was an incident of the decedent's employment. The trial court erroneously instructed the jury in substance that they could find for plaintiff not only in case they found that the barrier was up and defective, but also if, for any reason, they found that the barrier was down at one end. And there having been a general verdict, it may have been based upon the latter theory. (*Tryon* v. *Willbank*, 234 App. Div. 335.)

KEUKA COLLEGE, Respondent, v. THE CITIZENS NATIONAL BANK OF WELLSVILLE, as Executor, etc., of WILLIAM J. RICHARDSON, Appellant. — Judgment affirmed, with costs. All concur.

In the Matter of the Estate of CORNELIA C. WADSWORTH, Deceased.— Decree affirmed, without costs of this appeal to either party. All concur.

WILLIAM A. REARDON, Respondent, v. THE OLYMPIC THEATRE CORPORATION and Others, Defendants, Impleaded with BRAYTON W. WOOD and EDWIN P. SMITH, Appellants.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs. Per Curiam. The New York State rule applicable to this case as to the effect upon the rights of sureties, of payment of interest in advance, is quoted from Brandt on Suretyship in the dissenting opinion of Judge Werner in *New York Insurance Co.* v. *Casey* (178 N. Y. 381, at p. 388). With this statement all the judges sitting in that case agreed. The facts and circumstances in the record we are considering — instead of rebutting the *prima facie* evidence of a contract extending time to pay principal through payment of interest nine days ahead of its due date — point rather to an understanding that extension of time was the purpose served. All concur, except Thompson, J., who dissents and votes for affirmance on the ground that the evidence presented a fair question of fact. [140 Misc. 889.]

FRANK L. WOODS and Others, Respondents, v. C. E. MILLS OIL COMPANY, Appellant.*— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, upon the ground that finding of fact No. 5 is against the weight of the evidence, unless the plaintiffs shall, within ten days, stipulate to modify finding of fact No. 5 so as to fix the value of the services at $20,000, in which case such finding and the judgment are modified accordingly and the judgment, as so modified, is affirmed, without costs of this appeal to either party. All concur, except Edgcomb and Thompson, JJ., who dissent and vote for affirmance.

CHARLOTTE KRETZ, Respondent, v. TOWN OF HERKIMER, N. Y., and VILLAGE OF HERKIMER, N. Y., Appellants.— Judgment and orders affirmed, with costs. All concur.