GEORGE HUNT, Plaintiff, *v.* ALBERT M. MANVILLE and Others, Defendants.

Supreme Court, Onondaga County, October 28, 1932.

*Murphy, Mawhinney & Young* [*Donald Mawhinney* of counsel], for the plaintiff.

*Estabrook, Estabrook & Harding* [*William H. Harding* of counsel], for the defendant Manville.

DOWLING, J. On March 14, 1924, Maud H. Manville purchased of Margaret E. Hunt the premises described in the complaint herein for $7,550, payable by assuming a $1,450 mortgage then a lien upon said premises, $500 in cash, and the balance in the form of a purchase-money mortgage in the amount of $5,600, payable " Two Hundred Dollars ($200.00) Sept. 15th, 1924, together with interest at six per cent. (6%) and Two Hundred Dollars [($200.00) and interest each six months thereafter until March 15th, 1929, when the balance of the principal sum should become due and payable, together with interest." This mortgage was given to secure a bond of even date in the amount of $11,200, having the same condition as the mortgage. The mortgage contained the further provision: " That the whole of said principal sum should become due after default in the payment of any installment of principal, or of interest for thirty days, or after default in the payment of any tax, water rate or assessment for thirty days after notice and demand." And said bond contained the further provision: "And it is hereby expressly agreed that the whole of said principal sum shall become due after default in the payment of any installment of principal or interest, or any part thereof, for thirty days, or after default in the payment of any tax, water rate or assessment which may be levied or imposed upon the premises described in the mortgage accompanying this bond for thirty days after notice and demand."

Maud H. Manville took possession of the premises and complied with the provisions of said mortgage until March 23, 1927, when she conveyed said premises to the defendant Mattie H. Miller, who then entered into possession and complied with the provisions of said mortgage until March 15, 1929, except for the payment of a tax for the year 1929, which was due the county of Onondaga in the amount of twenty-three dollars and twenty-five cents.

It appears from the evidence that Maud H. Manville bought said premises for the defendant Mattie H. Miller, and arranged with her that she might pay for the same in installments. This fact, however, was unknown to the plaintiff.

Maud H. Manville died March 21, 1930, testate, devising her property to her sister Hazel E. Manville. Albert M. Manville was appointed administrator with the will annexed of Maud H. Manville. Hazel E. Manville died, testate, May 4, 1930. Her will was duly probated and the defendant Albert M. Manville qualified as executor thereof.

On March 15, 1929, the principal of the mortgage had been reduced to $3,550. Mattie Miller was unable to pay the said principal and interest accrued at that time. She applied to the plaintiff for an extension of the mortgage. Plaintiff complied with her request on condition that she execute to him an interest-bearing note payable in three months for $200 of principal and interest which had accrued to March 15, 1929. Mattie Miller executed such a note to the plaintiff on the 16th of March, 1929. When the note fell due on the 16th of June, 1929, Mattie Miller paid to the plaintiff $301.06, the face of the note, and on June 27, 1929, she paid to the plaintiff interest on said note amounting to $4.51. On September 17, 1929, she paid plaintiff $200 principal, and $106 interest, and thereafter defaulted. Plaintiff instituted this action in May, 1932, to foreclose said mortgage.

In the complaint the plaintiff asked for a deficiency judgment against the defendant Albert M. Manville, as administrator with the will annexed, and as executor of the estates of his deceased sisters. He interposed an answer, in substance, that, upon the transfer of said property by Maud H. Manville to defendant Mattie Miller, Mattie Miller assumed and agreed to pay the mortgage in question and that she, thereupon, became the principal debtor and that Maud H. Manville became a surety, which relation applied to Hazel E. Manville when she inherited the property in question upon the death of her sister Maud; that the plaintiff, without the consent of Maud H. or Hazel E. Manville, or the consent of the defendant Albert M. Manville, as representative of their estates, for a valuable consideration, extended the time for the payment of said mortgage indebtedness and thereby released said sureties.

Upon the trial it appeared that the estate of Maud H. Manville had been judicially settled prior to the institution of this action and deficiency judgment against that estate was waived by the plaintiff.

There is no dispute as to the plaintiff's right to foreclose the said mortgage, the only issue being as to the right of the plaintiff to recover a deficiency judgment against the defendant Albert M. Manville, as executor of the estate of Hazel E. Manville.

It is undisputed that plaintiff extended the time for the payment of said mortgage debt, and interest, by accepting said note. The

recovery of interest upon said note was a good consideration for such extension. It is undisputed that the Manville sisters had no notice of such extension and did not, in any way, consent thereto. Such an extension suspended the right of the plaintiff, until the maturity of the note, from foreclosing said mortgage or recovering on said bond. (*Rukeyser* v. *Fountain & Choate, Inc.*, 185 App. Div. 263; *Smith* v. *Truethart*, 130 Misc. 394.) The surety, having given no consent to such extension, was released, unless the covenants in the bond and mortgage, in reference to unpaid taxes, preserved the right of the plaintiff, upon a violation thereof, to institute foreclosure of said mortgage notwithstanding such extension. (*Metzger* v. *Nova Realty Co.*, 214 N. Y. 26; *Reardon* v. *Olympic Theatre Corp.*, 236 App. Div. 712.) Plaintiff claims such to be the fact and cites in support of such contention *Leopold* v. *Hallheimer* (1 App. Div. 202; affd., 157 N. Y. 696) and *Weber* v. *Huerstel* (11 Misc. 214). These cases are not controlling here. When plaintiff accepted said note, Mrs. Miller was not in default in respect to said tax, as plaintiff had served no notice on her to pay same or made any demand for payment thereof as required by the above covenants. He never gave her such notice or made such a demand, hence was in no position to institute suit either upon the mortgage or the bond until the maturity of said note.

Defendant Manville, as executor of the last will and testament of Hazel E. Manville, deceased, and as administrator with the will annexed of the estate of Maud H. Manville, deceased, is entitled to judgment dismissing the complaint, with costs. Otherwise, plaintiff shall have judgment as demanded in the complaint, with costs. Decree is directed accordingly.