THE EAST SIDE SAVINGS BANK OF ROCHESTER, Plaintiff, *v.* JOSEPH M. SCANLON and Others, Defendants.

Supreme Court, Monroe County, March 4, 1933.

*Hamilton Griswold* [*Kenneth B. Keating* of counsel], for the plaintiff.

*Walter A. Swan* [*Adolph J. Rodenbeck* of counsel], for the defendants Sanford.

TAYLOR, J. The evidence adduced upon the trial established the following facts: On May 19, 1925, the defendants Nelson P. Sanford and Celeste G. Sanford, his wife, to secure the sum of $85,000 delivered to the plaintiff their bond for $170,000, dated that day, secured by the mortgage for $85,000, now being foreclosed, which, by its terms, became wholly due and payable on May 19, 1926. By deed dated February 15, 1927, the defendants Sanford conveyed the premises to the defendant Ethel Berghash who assumed payment of the mortgage debt. Plaintiff knew of this transfer at the time and noted it on its books. Ethel Berghash in turn, by deed

dated April 30, 1927, conveyed to the defendant Joseph M. Scanlon who also assumed the mortgage debt. It was the practice of the plaintiff, in handling its mortgage investment accounts, to send notices to the owners of properties upon which it held mortgages, two weeks in advance of the date on which the interest was due and to accept interest payments at any time during the said two weeks prior to the due date. On April 29, 1927, after the mortgage had become due, the interest, due on May 1, 1927, for the preceding six months, was paid to plaintiff, at its banking office in the city of Rochester, by the husband of Ethel Berghash. This payment of interest was made by means of the personal check of Abe Berghash, dated April 29, 1927, which check was paid April 30, 1927, by Mr. Berghash's bank, out of his account. The transaction appeared on the books of the plaintiff as a payment on April 29, 1927. A receipt was given by plaintiff on April 29, 1927, running to Ethel Berghash, in which there was no reservation by plaintiff of the right to return the surplus of interest or to apply the same upon the principal and enforce payment of the balance, nor were any such reservations made orally by the assistant teller who received the payment or in any independent writing. This prepayment of interest was accepted without the knowledge or assent of the defendants Sanford.

On the foregoing facts, I reach the conclusion that the plaintiff, on April 29, 1927, agreed to extend the time of payment of the principal until May 1, 1927, thereby wholly discharging the defendants Sanford from liability on their bond.

After the conveyance by the Sanfords to Ethel Berghash, their liability became that of sureties. (See 41 C. J. 737, § 789, and cases cited therein.) The payment of interest three days in advance by the principal debtor, and the acceptance thereof by the mortgagee, is *prima facie* evidence of an agreement to extend the time of payment until the expiration of the period for which the interest was received. Such an agreement, made without the knowledge or assent of the sureties, discharges them from liability. (*New York Life Ins. Co.* v. *Casey*, 178 N. Y. 381; *Germania Life Ins. Co.* v. *Casey*, 98 App. Div. 88; affd., without opinion, 184 N. Y. 554; Brandt Suretyship & Guaranty [3d ed.], § 386; Rowlatt Principal & Surety [2d ed.], p. 247.)

While this *prima facie* evidence of a valid agreement for an extension of time may be rebutted, the plaintiff has failed to come forward with proof of any facts or circumstances from which the inference may fairly be drawn that no such agreement was, in fact, made. That an extension of time was not discussed when the interest payment was accepted by plaintiff, that it was plaintiff's

custom to accept interest payments in advance of the due date, and that its by-laws and corporate records are silent upon the subject of extensions of time for the payment of its mortgages, are not facts or circumstances which require concluding that the presumption, arising from the fact of prepayment, has been neutralized or destroyed. In view of the law, as laid down nearly thirty years ago in the above cited cases and recently restated in the case of *Reardon* v. *Olympic Theatre Corp.* (236 App. Div. 712; affd., 261 N. Y. 603), such proof tends to strengthen the inference of an agreement not to foreclose until the date upon which the interest would have been paid.

In November, 1904, Justice LAUGHLIN, writing the opinion in the case of *Germania Life Insurance Company* v. *Casey* (*supra*), said (at p. 91): " Payments of interest in advance even when the principal has become due, may still be accepted by the mortgagee without releasing the sureties, provided that he expressly reserved the right at any time to return the surplus of interest or apply the same upon the principal and enforce payment of the balance, which agreement may, for greater security, be incorporated in the receipt or otherwise reduced to writing." The plaintiff, in the action now before the court, made no reservations when it accepted prepayment of interest although it knew that, unless rebutted, such prepayment was conclusive evidence of a contract to extend the debt.

The defendants Sanford are entitled to judgment dismissing the complaint as against them, with costs. The plaintiff is otherwise entitled to judgment as prayed for in the complaint.

Findings, in accordance herewith, may be prepared and submitted for signature by the attorneys for the defendants Sanford. Twenty days are allowed the attorneys for plaintiff in which to submit their proposed findings.