KINGS COUNTY TRUST COMPANY, as Trustee of the Trust Created under Paragraph Tenth of Will of WHITMAN W. KENYON, Deceased, Respondent, v. CHARLES GIOVINCO and Others, Defendants, and ARTHUR A. WULFF, Appellant.— Judgment in so far as appealed from reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact and conclusions of law are reversed and new findings will be made to conform to this decision. The prepayment of interest on the mortgage and its acceptance without any reservation operated as an extension, and released the surety. (Germania Life Ins. Co. v. Casey, No. 1, 98 App. Div. 88; affd., 184 N. Y. 554; Reardon v. Wood, 140 Misc. 889; Reardon v. Olympic Theatre Corporation, 236 App. Div. 712; affd., 261 N. Y. 603.) Carswell, Scudder and Tompkins, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm, on the ground that the facts disclosed by the record in this case do not bring it within the rule of Germania Life Ins. Co. v. Casey, No. 1 (98 App. Div. 88; affd., 184 N. Y. 554). The payment of interest on the mortgage on several occasions was made by mail after the plaintiff had, as a matter of routine, sent out notices that the interest would be due on a given date. These payments sometimes reached the bank from one to five days before the interest was actually due; and as a matter of procedure the checks were put in course of collection and entries made on the books by clerks. The obligor on the mortgage was not asking for any extension of time of payment and the minds of the parties did not meet on any agreement to make an extension, nor was any consideration given for such extension. We think one in the position of a surety should not be exonerated from his obligation simply because his principal was prompt in the payment of the interest on the obligation, where the surety suffered no practical prejudice. Mere prepayment of interest a day or two ahead of the time it is

actually due does not of itself indicate an extension of time so as to discharge a surety. (*Blackstone Bank* v. *Hill*, 10 Pick. 129; *Welch* v. *Kukuk*, 128 Wis. 419; *English* v. *Landon*, 181 Ill. 614.) We think the New York rule is not in conflict with that in other jurisdictions except under certain special circumstances where an intent to make an extension appears or the facts of prepayment are entirely unexplained, as in the *Germania Life Ins. Co.* case. Settle order on notice.